**Martin Dejesus RAMIREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–2931–ag.

United States Court of Appeals, Second Circuit.

April 5, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Margaret M. Chiara, United States Attorney, John F. Salan, Assistant United States Attorney, Grand, Rapids, MI, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Martin Dejesus Ramirez, a citizen of El Salvador, seeks review of a May 22, 2006 order of the BIA affirming immigration judge ("IJ") John Reid's January 9, 2006 decision denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Martin Dejesus Ramirez,* No. A73 671 883 (B.I.A. May 22, 2006), *aff'g* A73 671 883 (Immig.Ct.Batavia, N.Y. Jan. 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### A. Exhaustion

The Government argues that Ramirez failed to properly exhaust before the agency his claim that the BIA used an improper standard in reviewing his CAT claim. Under 8 U.S.C. § 1252(d)(1), a court can only review a final order of

removal if the alien has exhausted all administrative remedies available to the alien. *See Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004). In *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005), this Court held that 8 U.S.C. § 1252(d)(1) bars "the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below." Because Ramirez could not have argued on appeal to the BIA that the BIA used an improper legal standard in reviewing his appeal, the Government's argument regarding failure to exhaust is unavailing.

## B. Legal Standard—Relief under the CAT

■ In his brief to this Court, Ramirez contends that the BIA's use of an inappropriately stringent standard in reviewing his CAT claim is a legal error warranting remand. Although Ramirez correctly states that in *Khouzam v. Ashcroft*, 361 F.3d 161 (2d Cir.2004), this Court held that "[i]n terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it," he incorrectly asserts that the BIA required him to prove willful acceptance of acts of torture by authorities and *Khouzam* overruled the standard actually used by the BIA, *i.e.*, that torture must occur "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." The *Khouzam* Court in fact rejected the proposition that acts of torture must occur *with the consent or approval of government officials* acting in an official capacity, and, by requiring knowledge of or willful blindness to acts of torture by government officials, clarified the meaning of the word "acquiescence" as

used in the CAT. 361 F.3d at 171 (emphasis added).

In affirming the IJ's determination that Ramirez failed to meet his burden of proof, the BIA properly cited the applicable regulatory provision, 8 C.F.R. § 1208.18(a)(1), and did not require Ramirez to show willful acceptance of acts of torture on the part of Salvadoran officials. This regulation sets forth the applicable standard under which to evaluate CAT claims, stating that, in order to merit relief, torture must be "inflicted by or at the instigation of or with the consent *or acquiescence of a public official or other person acting in an official capacity.*" 8 C.F.R. § 1208.18(a)(1) (emphasis added). Because the term "acquiescence" was interpreted and clarified—and was not and could not have been overruled—by *Khouzam*, Ramirez's claim that the BIA applied the wrong legal standard is baseless.

## C. Burden of Proof—Relief under the CAT

We review the BIA's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Ramirez argues that the BIA failed to adequately consider his submitted country condition evidence in affirming the IJ's conclusion that he failed to show that he would likely be tortured upon return to El Salvador. He also asserts that neither the BIA nor the IJ assessed such factors as past torture inflicted upon the applicant; evidence that he could relocate to another

part of the country of removal where he is not likely to be tortured; gross, flagrant, or mass violations of human rights; and other relevant information regarding conditions in the country of deportation. In his oral decision, however, the IJ cited these four factors and applied them to Ramirez's claim. The agency thus conducted the proper analysis of Ramirez's CAT claim.

The IJ quoted from various State Department materials discussing El Salvador, discussed Ramirez's ability to relocate to a city other than that where his family lived, and concluded that Ramirez failed to meet his burden of proof. The BIA affirmed the IJ's assessment of the CAT claim, emphasizing two specific factors supporting the IJ's reasoning. Because the IJ's analysis of Ramirez's country condition material constitutes part of the decision reviewed by this Court, Ramirez's contention that the agency failed to adequately consider his general background evidence is unavailing. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

■ Additionally, the BIA's conclusion that Ramirez failed to meet his burden of proof for CAT relief is substantially supported by the record as a whole. In *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004) the Court warned the agency "not to place excessive reliance on published reports of the Department of State." Nonetheless, the Court has held that State Department reports are probative. *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Here, because the IJ considered the State Department's country materials in conjunction with Ramirez's testimony and the documentary evidence he submitted as well as the testimony of other witnesses, substantial evidence supports the IJ's determination. *See Tu Lin,* 446 F.3d at 400.

For the foregoing reasons, the petition for review is DENIED. The unopposed motion for a stay of removal in this petition is DISMISSED as moot.